In the Matter of ABRAM F. ALMOSNINO, an Infant.

City Court of the City of New York, Special Term, New York County, June 11, 1953.

*Irving Kirschenbaum* for Pauline Goldstein, as general guardian, petitioner.

No appearance for respondent.

MARKEWICH, J. The facts presented herein are virtually identical, except for minor changes effected by the passage of time, with those before the court when it denied an application made by the petitioner mother to change her infant son's name to that of his stepfather (petitioner's present husband) because — and only because — of the opposition of petitioner's former husband, father of the child (*Matter of Almosnino,* 204 Misc. 53). Then the father objected, using what are best characterized as dog-in-the-manger tactics. In arriving at that decision I did so most reluctantly because the interpretation by our appellate courts of the applicable statute had approached the problem from the standpoint of a property right in the name of the child rather than from the socially desirable angle of the welfare of the child. Accordingly in the last paragraph of my decision, I recommended that the Law Revision Commission or other appropriate body " give due study to possible amendment to Section 60, Civil Rights Law, if such amendment be necessary, in the light of modern social progress in human relations."

The Law Revision Commission, with commendable dispatch, undertook study of the question, and, happily, such a change has now been accomplished on their recommendation (N. Y. Legis. Doc., 1953, No. 65 [E]) by the enactment of chapter 690 of the Laws of 1953. Hence, nothing now prevents this court from doing what it should have been able to do, but for the father's objection, over a year ago. Even the father apparently realizes this for, though personally served herein, he has defaulted in appearance.

Petition granted; order signed.